OPINION *Page 2 
{¶ 1} Defendant-appellant Michael A. Hupp ("Husband") appeals the April 29, 2008 Judgment Entry/Decree of Divorce entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which terminated his marriage to plaintiff-appellee Cristie A. Hupp ("Wife"), divided the parties' marital assets, and awarded spousal support. Husband also appeals the trial court's April 28, 2008 Qualified Domestic Relations Order.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and Wife were married on December 20, 1974. Two children were born as issue of said union, both of whom are now emancipated. On January 20, 2006, Wife filed a Complaint for Divorce, asserting gross neglect of duty, extreme cruelty and adultery as grounds. The trial court issued standard restraining orders the same day. Wife filed an Amended Complaint on January 27, 2006. Husband filed answers to both the original complaint and the amended complaint.
 {¶ 3} After extensive negotiations, the parties resolved a number of issues in the matter. The magistrate conducted a non-oral hearing on the remaining issues, which included the amount and duration of spousal support; responsibilities for COBRA coverage for Wife; Husband's obligation to name Wife as a beneficiary under his life insurance policy; and attorney fees. The magistrate issued a Decision on September 11, 2007, recommending husband pay spousal support in the amount of $2,250/month, effective June 1, 2007, for an indefinite duration, but terminating upon the death of either party, the remarriage of Wife, or Wife's cohabitation with an unrelated adult male, and *Page 3 
with the trial court retaining jurisdiction to modify the amount and duration. The magistrate did not make a recommendation regarding the issue of COBRA coverage. The magistrate further recommended Husband be permitted to designate any beneficiary on his life insurance policies, and each party pay his/her respective attorney fees. Husband and Wife both filed objections to the magistrate's decision. Via Entry filed January 9, 2008, the trial court overruled both parties' objections, and adopted the magistrate's September 11, 2007 Decision as order of the court. Subsequently, on April 29, 2008, the trial court issued its Judgment Entry/Decree of Divorce, which incorporated the parties' June 6, 2007 Agreement and the Magistrate's Decision.
 {¶ 4} It is from this entry Husband appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT'S DIVISION OF MARITAL ASSETS IS UNEQUAL, UNREASONABLE, UNFAIR, INEQUITABLE AND/OR AN ABUSE OF DISCRETION.
 {¶ 6} "II. THE TRIAL COURT'S SPOUSAL SUPPORT AWARD IS UNFAIR, UNREASONABLE, AND/OR AN ABUSE OF DISCRETION.
 {¶ 7} "III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY GRANTING THE QDRO HEREIN."
 I, III {¶ 8} Because our analysis of Husband's first and third assignments of error is identical, we shall address said assignments of error together. In his first assignment of error, Husband maintains the trial court's division of marital assets is unequal, unreasonable, unfair, inequitable and/or an abuse of discretion. In his third assignment, Husband asserts the trial court erred and/or abused its discretion in granting the QDRO. *Page 4 
 {¶ 9} Upon review of the record, we find the division of marital assets and the QDRO were addressed in the parties' June 6, 2007 Agreement. Husband did not raise any issue as to these items to either the magistrate or the trial court. As such, the trial court was not required to make any findings of facts or conclusions of law relative to the division of marital assets or the QDRO.
 {¶ 10} Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable, if the parties intended to contract on its essential terms and intended to be bound by its terms. DiGuilio v. Diguilio, Cuyahoga App. No. 81860, 2003-Ohio-2197, citing, Walther v. Walther (1995),102 Ohio App.3d 378, 657 N.E.2d 332. "[A] settlement agreement may be either written or oral, and may be entered into prior to or at the time of the of a divorce hearing. Where the agreement is made outside the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement." Haas v. Bauer (2004), 156 Ohio App.3d 26, 33,804 N.E.2d 80, citing, Muckleroy v. Muckleroy (Sept. 5, 1990), Summit App. No. 1443; See also, Mack v. Poison Rubber Co. (1984), 14 Ohio St.3d 34,470 N.E.2d 902; Grubic v. Grubic (September 9, 1999), Cuyahoga App. No. 73793, citing, Zigmont v. Toto (1988), 47 Ohio App.3d 181,547 N.E.2d 1208. (a trial court may enter a judgment that reflects an agreement that is read into the record in open court); Vasilakis v. Vasilakis
(June 20, 1996), Cuyahoga App. No. 68763, (a trial court may adopt an agreed judgment entry).
 {¶ 11} Furthermore, "when the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign *Page 5 
a journal entry reflecting the agreement and to enforce the settlement."Klever v. Stow (1983), 13 Ohio App.3d 1, 4.
 {¶ 12} In the instant action, the record is devoid of any evidence Husband entered into the settlement agreement as a result of fraud, undue influence, duress, or coercion. Husband cannot now claim error or an abuse of discretion by the trial court on these issues merely because he is unhappy with the results, after the fact.
 {¶ 13} Husband's first and third assignments of error are overruled.
 II {¶ 14} In his second assignment of error, Husband contends the trial court's award of spousal support was unfair, unreasonable and/or an abuse of discretion.
 {¶ 15} A trial court's decision concerning spousal support under R.C. 3105.18 may only be altered if it constitutes an abuse of discretion. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Furthermore, unlike the statute concerning property division, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. 3105.18(C)(1) does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Carroll v. Carroll, Delaware App. No. 2004-CAF-05035,2004-Ohio-6710, citing Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, (additional citations omitted).
 {¶ 16} The factors set forth in R.C. 3105.18 are as follows: *Page 6 
 {¶ 17} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 18} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 19} "(b) The relative earning abilities of the parties;
 {¶ 20} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 21} "(d) The retirement benefits of the parties;
 {¶ 22} "(e) The duration of the marriage;
 {¶ 23} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 24} "(g) The standard of living of the parties established during the marriage;
 {¶ 25} "(h) The relative extent of education of the parties;
 {¶ 26} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 27} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; *Page 7 
 {¶ 28} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 29} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 30} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 31} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 32} The magistrate addressed each of the factors in her decision. Specifically, the magistrate found Wife earned an annual income of $13,404, while Husband earned over $68,000 plus approximately $4400 from his employer to cover expenses. The magistrate found Husband's relative earning ability was much greater than Wife's earning ability due to Wife being a stay-at-home mother during the marriage. The magistrate found the marriage to be of long duration, specifically 32 years, and the parties maintained a middle-class standard of living during the marriage. Both parties had high school educations with no additional college coursework.
 {¶ 33} Upon review of the record, we do not find the trial court was unreasonable, arbitrary or unconscionable in determining the amount or duration of the spousal support award. Furthermore, the trial court specifically retained jurisdiction to modify the spousal support order in the future according to the best interest of either party.
 {¶ 34} Husband's second assignment of error is overruled. *Page 8 
 {¶ 35} The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, J., Farmer, P.J., and Gwin, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant. *Page 1