[Cite as *Kest v. Kest*, 2018-Ohio-489.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105544

---

## LISA KEST

### PLAINTIFF-APPELLEE

vs.

## BENNETT S. KEST

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED, MODIFIED, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-361230

**BEFORE:** Jones, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 8, 2018

**ATTORNEY FOR APPELLANT**

Bridgette D. Pozzuto
55 Public Square, Suite 2001
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Steven L. August
3201 Enterprise Parkway, Suite 130
Beachwood, Ohio 44122

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Bennett Kest ("Bennett"), appeals the trial court's judgment entry of divorce from plaintiff-appellee, Lisa Kest ("Lisa").

**{¶2}** Lisa filed a complaint for divorce. Trial in the matter commenced, but the parties were able to reach a settlement agreement mid-trial. At the conclusion of the settlement negotiations, the parties recited the terms of their agreement on the record in front of the trial court magistrate.

**{¶3}** After the hearing, the court held an attorney's conference, and the court ordered the parties to submit prospective judgment entries of divorce via electronic format. The trial court journalized the judgment entry of divorce on February 7, 2017, seven days after the parties submitted their prospective journal entries.

**{¶4}** Bennett filed a timely notice of appeal and has raised five assignments of error for our review. The assignments of error will be combined and discussed out of order for ease of review:

> I. The Trial Court erred and abused its discretion by failing to issue a magistrate's decision where a hearing was had before the trial magistrate and the parties did not waive their rights under Civil Rule 53.
>
> II. The Trial Court erred and abused its discretion by adopting a judgment entry exactly as proposed and submitted by Wife's attorney, which improperly contains several extensive notes and arguments authored and advanced by Wife's attorney.
>
> III. The Trial Court erred and abused its discretion in making findings and adopting terms in its judgment entry that do not accurately reflect the nature and terms of the parties' in[-]court agreement as set forth on the record.

IV.   The Trial Court erred and abused its discretion in making findings and adopting terms in its judgment entry that are not at all set forth in the record of the parties' in[-]court agreement or any reasonable interpretation thereof, and which, in some cases, are protections blatantly biased in favor of one party and against another.

V.   The Trial Court erred and abused its discretion in making findings and adopting terms in its judgment entry without further evidentiary hearing where the record of the parties' agreement, together with the parties' subsequent submissions for the court's consideration, clearly indicate factual disputes as to the terms of the agreement, an incomplete agreement, mutual mistake and/or unilateral mistake.

## I.   Law and Analysis

{¶5} A settlement agreement "'may be either written or oral, and may be entered into prior to or at the time of a divorce hearing.'" *Bottum v. Jankovic*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914, ¶ 11, quoting *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, 804 N.E.2d 80, ¶ 16 (9th Dist.).   When the agreement is read into the record in open court and agreed upon, the court may enter judgment adopting its terms. *Bottum* at *id.*, citing *Grubic v. Grubic*, 8th Dist. Cuyahoga No. 73793, 1999 Ohio App. LEXIS 4200 (Sept. 9, 1999).

{¶6} Absent fraud, duress, overreaching or undue influence, a settlement agreement between parties in a divorce is enforceable.

> [S]ettlement agreements are favored in the law.   Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Neither a change of heart nor poor legal

advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement.

*Diguilio v. Diguilio*, 8th Dist. Cuyahoga No. 81860, 2003-Ohio-2197, ¶ 33, citing *Walther v. Walther*, 102 Ohio App.3d 378, 657 N.E.2d 332 (1st Dist.1995).

**{¶7}** In the first assignment of error, Bennett contends that the trial court erred by not issuing a magistrate's decision prior to entering the judgment entry of divorce.

**{¶8}** Civ.R. 53(D)(1)(a) provides that a court may "refer a particular case or matter or a category of cases or matters to a magistrate by a specific or general order of reference or by rule." In the event a magistrate makes a decision in a case referred to it under Civ.R. 53(D)(1)(a), the magistrate "shall prepare a magistrate's decision" that "may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." Civ.R. 53(D)(3)(a)(i), (ii).

**{¶9}** In this case, the parties proceeded to trial before a magistrate. During the trial, the parties entered into a settlement agreement and the terms of the agreement were read in open court and on the record. The magistrate never entered a decision or made recommendations to the trial court without issuing a decision. Subsequent to reading the terms of the settlement agreement into the record, the parties submitted proposed journal entries to the court and the court issued a final decree of divorce. Because the matter was resolved via a settlement agreement, there was no matter for the magistrate to "decide" or for the trial court to review.

**{¶10}** Therefore, the trial court did not err by not issuing a magistrate's decision prior to entering the judgment entry of divorce and the first assignment of error is

overruled.

{¶11} In the third and fourth assignments of error, Bennett contends that the trial court erred and abused its discretion in making findings and adopting terms in its judgment entry that did not accurately reflect the nature and terms of the parties' in-court agreement as set forth on the record.

{¶12} Bennett first challenges the provision in the divorce decree that did not reserve the court's jurisdiction to modify spousal support. As it pertains to this case, R.C. 3105.18(E)(1) provides that a court that enters a decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the "separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." Thus, the court in this case does not have continuing jurisdiction to modify spousal support unless the separation agreement that is incorporated into the divorce decree contains a specific provision reserving jurisdiction. In this case, there was no such provision.

{¶13} Bennett contends that because the in-court record is silent as to whether the court was to retain jurisdiction, the court meant to retain jurisdiction. We disagree. The parties agreed on terms including the amount of spousal support Bennett was to pay Lisa, that spousal support would terminate upon Lisa's remarriage, and support would terminate upon the death of either Lisa or Bennett. Those terms were read into the record. Bennett's counsel had sufficient opportunity to advise and question Bennett, both before

placing the agreement on the record and during the recitation of the terms and testimony that was placed on the record.

{¶14} Again, R.C. 3105.18(E) mandates that the parties must incorporate into the separation agreement a specific reservation of jurisdiction for the trial court to modify either the amount or term of spousal support. If Bennett failed to negotiate for that term, it is not the fault of the court.

{¶15} Bennett next contends that it was error for the trial court to preserve jurisdiction over temporary support arrears or unpaid processing charges. Bennett argues that there was nothing stated during the in-court agreement with regard to the court reserving jurisdiction and it was an abuse of discretion for the court to do so without first holding an evidentiary hearing. Bennett concedes, however, that he and Lisa did not expressly waive the temporary order of support, or terminate the temporary order of support. We find that the lack of a specific agreement to waive or reduce the arrears of the temporary order of support when arrears existed justifies the trial court's preservation of jurisdiction over the issue.

{¶16} Bennett further argues that the trial court erred because the judgment entry of divorce did not require Lisa to sell the marital residence. The parties concede, however, that the marital residence has been sold and Lisa executed a quit claim deed, which has been recorded. This issue, therefore, is moot.

{¶17} In light of the above, the third and fourth assignments of error are overruled.

{¶18} In the fifth assignment of error, Bennett argues that the trial court erred in

adopting the judgment entry of divorce drafted by Lisa without first holding an evidentiary hearing.

{¶19} "It is well-established   that a trial court may enter a judgment that reflects an agreement that is read in open court into the record." *Grubic*, 8th Dist. Cuyahoga No. 73793, 1999 Ohio App. LEXIS 4200, at 9, citing   *Zigmont v. Toto*, 47 Ohio App.3d 181, 185, 547 N.E.2d 1208 (8th Dist.1988).   When parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract.   *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph one of the syllabus.   A trial court has discretionary authority to enforce in-court settlement agreements or to modify them out of equity.   *Hileman v. Hileman*, 5th Dist. Stark Nos. 1998CA00256 and 1998CA00257, 1999 Ohio App. LEXIS 3454, 7 (July 26, 1999).   A trial court may adopt an in-court settlement agreement into its judgment and enforce it even if one party later will not give approval.   *Torrence v. Torrence*, 5th Dist. Stark Nos. 1996CA00223 and 1996CA00276, 1997 Ohio App. LEXIS 3935, 6 (July 31, 1997), citing *Gulling v. Gulling*, 70 Ohio App.3d 410, 591 N.E.2d 349 (9th Dist.1990).

{¶20} When the in-court record does not reflect the agreement and/or the proposed entry does not reflect the agreement, and there is a factual dispute present between the parties, the trial court should conduct an evidentiary hearing to adjudicate the issues in dispute.   *Bottum*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914, at ¶ 12, citing *Phillips v. Phillips*, 5th Dist. Stark Nos. 2004CA00105 and 2004CA00005, 2005-Ohio-231, ¶ 27.

{¶21} Bennett cites *Hileman* to support his claim that the trial court erred in issuing

a judgment entry of divorce without first holding an evidentiary hearing to resolve factual disputes. In *Hileman*, the trial court approved and filed a divorce decree that modified the settlement agreement read into the record as it concerned the division of the parties' marital property and debt.

{¶22} Here, Bennett stated on the record that he was entering into a voluntarily agreement, had an opportunity to consult with counsel, and thought the agreement was fair, just, and equitable. Bennett never requested an evidentiary hearing in the event that the parties did not agree to the terms that would be incorporated into the judgment entry, nor did Bennett move to vacate or set aside the settlement agreement. If such a motion is not filed, the trial court may properly enter a judgment reflecting the agreement. *Spercel*, 31 Ohio St.2d 36, 285 N.E.2d 324, at paragraph two of the syllabus. However, this is only true where there are no allegations of fraud, duress, undue influence or of any factual dispute concerning the existence or the terms of a settlement agreement. *Grubic* at 11, citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984).

{¶23} We have reviewed the transcript of the hearing in this case. The record supports the trial court's findings concerning the terms of the parties' settlement agreement. Accordingly, we overrule Bennett's fifth assignment of error.

{¶24} In the second assignment of error, Bennett argues that the trial court erred by adopting a judgment entry that improperly contains several extensive notes and arguments authored and advanced by Lisa's attorney.

{¶25} Ohio appellate courts have jurisdiction "to review and affirm, modify, or

reverse final orders."   Article IV, Section 3(B)(2), Ohio Constitution.

{¶26} In the final judgment entry of divorce, the trial court inadvertently forgot to remove the "notes" Lisa's attorney provided to the court in its draft of the judgment entry of divorce.   Each of the three "notes" is set off from the rest of the journal entry by parentheses and the typeface is bold and italicized.   Each note begins as follows: ***"Note: Magistrate** [___]:".* [1]

{¶27} The notes do not contain substantive terms of the agreement; rather, they contain the opinion of Lisa's attorney with regard to Bennett's life insurance policy, debts, cash reserves, and tax liabilities.   We agree with Bennett's contention in so far as it was improper for the trial court to leave extraneous comments in the final journal entry of divorce.

{¶28} Therefore, we modify the final entry of divorce by removing each of the three notes.   The case is remanded for the trial court to issue a new journal entry in conformance with this opinion.

{¶29} The second assignment of error is sustained in part.

{¶30} Judgment affirmed as modified.   Case remanded for correction of the journal entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] The notes in the journal entry use the magistrate's last name.   We decline to do so and have instead inserted brackets to denote the magistrate's last name.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR