[Cite as *D.E. v. R.M.*, 2026-Ohio-460.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

D.E.,                                          :

    Plaintiff-Appellee,            :               No. 115201

    v.                             :

R.M.,                                          :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DR-24-398028

---

### *Appearances:*

The Legal Aid Society of Cleveland and Sara M. Gedeon,
*for appellee.*

R.M., *pro se.*

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant R.M. ("Husband") appeals from the trial court's judgment entry granting a divorce between him and plaintiff-appellee D.E. ("Wife"). Husband raises five assignments of error for our review:

1. The trial court abused its discretion by adopting, without Defendant's consent or signature, a final decree that incorporated Plaintiff's unilateral handwritten edits and side notes. This version altered key terms, presented inconsistencies in extracurricular cost allocations (80/20 vs. GAL's 50/50), and misidentified Plaintiffs attorney, Sara Gedeon, as Defendant's counselor. Such errors prejudiced Defendant and undermined the integrity of the judgment. Plaintiff's council was the one acting as judge's role.

2. The court erred by excluding evidence showing Defendant used federal student loans-acquired with Plaintiff's knowledge-for the marital home and vehicle. This debt should have been classified as marital and equitably divided under R.C. 3105.171. See Jones v. Jones, 2023-Ohio-1465.

3. The court relied on outdated income data and mis-valued key assets. It undervalued the marital home, misapplied spousal support terms ($750/month for 8 years vs. agreed $500 for 5), and awarded Plaintiff 100% of retirement and a higher-value vehicle. These errors violated equitable distribution principles under Cherry v. Cherry, 66 Ohio St.2d 348 (1981). Also, it ignored $15k for defendant in cars value difference.

4. The court failed to recognize Defendant's long-term non-economic contributions, including immigration sponsorship and family support from 2010-2023, which facilitated Plaintiffs U.S. residency. Defendant had to compromise his tenure professional career using FMLA for such support since 2010. Excluding these factors contravened equitable division standards under R.C. 3105.171.

5. The court improperly restricted Defendant's testimony on international financial matters and bankruptcy planning. Defendant aimed to avoid disrupting active litigation in Egypt while addressing financial burdens in the U.S. Exclusion of this evidence denied him due process (Mathews v. Eldridge, 424 U.S. 319) and impaired the court's ability to fairly evaluate his hardship and asset status.

{¶ 2} After reviewing the record on appeal, we overrule Husband's assigned errors because he entered into two agreements with Wife regarding the allocation of parental rights and responsibilities and all remaining matters of their divorce. We therefore affirm the judgment of the trial court.

## I. Procedural History and Factual Background

**{¶ 3}** The parties were married in June 2001. During their marriage, they had three children: one child born in 2013 and twins born in 2015. Wife filed a complaint for divorce in January 2024.

**{¶ 4}** On May 7, 2025, the day before the scheduled trial, the guardian ad litem filed an agreed judgment entry with the court regarding the allocation of parental rights and responsibilities. Husband and Wife both signed the agreed judgment entry.

**{¶ 5}** On May 8, 2025, the day of the scheduled trial, the guardian ad litem filed a motion for fees. At the hearing on the morning of trial, the guardian ad litem told the court that Husband agreed to the division of fees as she proposed in the agreed judgment entry, which she submitted to the court the previous day.

**{¶ 6}** The guardian ad litem explained that both parties originally agreed to her proposed agreed judgment entry regarding parental rights and responsibilities verbally and in an email. But according to the guardian ad litem, Husband "desired [Wife] to sign first." Wife signed immediately, but then Husband stated he would not sign it "until all issues were resolved, which then resulted in [the guardian ad litem]" having to spend "substantial time" preparing for trial in case the matter was not settled. Because of this, the guardian ad litem allocated the additional fees that she incurred preparing for trial to Husband. Thus, the guardian ad litem's proposed distribution of fees resulted in Wife being owed a refund of $157.50 and Husband

owing $721.  The guardian ad litem stated that Husband agreed to her proposed division of fees and signed the agreement the day before the scheduled trial.

{¶ 7}  The trial court asked if anyone objected to the guardian ad litem's proposed agreed judgment entry allocating parental rights and responsibilities and dividing the guardian ad litem's fees.  Wife's counsel and Husband told the court that they did not have any objections.

{¶ 8}  Wife's counsel informed the court that the parties had also reached an agreement regarding the remaining financial issues and division of property and were "ready to be divorced."  The parties signed a separation agreement outside of court and had initialed each substantive paragraph of the agreement.  Wife's counsel then questioned Wife about the separation agreement on the record.

{¶ 9}  The trial court asked Wife's counsel if she wished to question Husband.  Wife's counsel stated that she did.  In response to Wife's counsel's questions, Husband stated that he had a chance to review the separation agreement in this case, that he understood it, that he signed it voluntarily, and that no one coerced him into signing it.  Husband also agreed that the agreement was fair, just, and equitable.

{¶ 10} Husband further stated that he read the agreed judgment entry regarding parental rights and responsibilities, that he understood it, and that no one forced or coerced him into signing it.  Husband also agreed that the agreed judgment entry was in his children's best interests.

{¶ 11}  The trial court asked both parties if they fully disclosed their income, assets, and debits, which they both stated they had.  The court then explained to the parties that the separation agreement was a binding contract that either party could enforce against the other if he or she did not comply with the terms of the agreement. The court found that it had jurisdiction over the parties and the complaint, that the parties were incompatible based on their testimonies, and that they were entitled to a divorce under Ohio law.  After finding that the agreed judgment entry regarding parental rights and responsibilities was in the best interests of the children and the separation agreement was fair, just, and equitable, the court adopted both agreements and incorporated them into its judgment entry of divorce.  Husband appeals from the final judgment entry of divorce.

## II. Law and Analysis

{¶ 12}  In each of his five assigned errors, Husband argues that the trial court erred when it adopted the separation agreement because it failed to consider various alleged facts that he claims made the agreement inequitable, including, inter alia, his student-loan and business debt, his lack of consent, updated income data, that he "provided substantial non-financial contributions to the marriage" from 2010 to 2023, and that he used "personal savings for marital purposes."

{¶ 13}  The parties entered into a separation agreement involving property division and all financial matters prior to the final divorce trial.  They also agreed to an agreed-judgment entry regarding the allocation of parental rights and responsibilities prior to trial.

{¶ 14} When married persons end their marriage, they have a fundamental choice to make about the division of property, the allocation of parental responsibilities, and support. The parties can reach an agreement as to these issues or the parties can litigate them and have the domestic relations court decide the issues.

{¶ 15} "Settlement agreements are generally favored in the law." *Grubic v. Grubic*, 1999 Ohio App. LEXIS 4200, *10 (8th Dist. Sept. 9, 1999). Separation agreements to terminate a marriage are also permissible under R.C. 3103.05 and 3103.06. Like any settlement agreement, "'[w]hen the parties to a divorce action enter into a separation agreement, the court must construe that agreement in accordance with ordinary rules of contract law.'" *McLaughlin v. McLaughlin*, 2008-Ohio-5284, ¶ 16 (4th Dist.), citing *McLaughlin v. McLaughlin*, 2001 Ohio App. LEXIS 3155, *3 (4th Dist. Mar. 26, 2001). Therefore, "[a]bsent fraud, duress, overreaching or undue influence, a settlement agreement between parties in a divorce is enforceable." *Kest v. Kest*, 2018-Ohio-489, ¶ 6 (8th Dist.).

{¶ 16} A settlement agreement "'may be either written or oral, and may be entered into prior to or at the time of a divorce hearing.'" *Haas v. Bauer*, 2004-Ohio-437, ¶ 16 (9th Dist.), quoting *Muckleroy v. Muckleroy*, 1990 Ohio App. LEXIS 3933, *3-4 (9th Dist. Sept. 5, 1990). When the parties enter into the agreement outside the presence of the court, "'the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement.'" *Huffman v. Huffman*, 2022-Ohio-2020, ¶ 10 (4th Dist.), quoting

*McLaughlin v. McLaughlin*, 2008-Ohio-5284, ¶ 16 (4th Dist.). Moreover, "it is well established in Ohio that a party may not appeal a judgment to which he has agreed." *Diguilio v. Diguilio*, 2003-Ohio-2197, ¶ 33 (8th Dist.), citing *In re Annexation of Territory of Riveredge Twp. to City of Fairview Park*, 46 Ohio App.3d 29, 31 (8th Dist. 1988).

{¶ 17} Notably, contracts, including settlement agreements, do not need to be fair and equitable to be "binding and enforceable, so long as they are not produced by fraud, duress, overreaching or undue influence." *Grubic* at *10, citing *Vasilakis v. Vasilakis*, 1996 Ohio App. LEXIS 2569, *5 (8th Dist. June 20, 1996), and *Walther v. Walther*, 102 Ohio App.3d 378, 383 (1st Dist. 1995).

{¶ 18} Here, Husband and Wife entered into a separation agreement just before the case was scheduled to go to trial. Husband and Wife signed the separation agreement and initialed every substantive paragraph of the agreement. Husband and Wife also both signed an agreed judgment entry regarding the allocation of parental rights and responsibilities.

{¶ 19} At the hearing before the trial court, Husband told the trial court that he voluntarily signed both agreements and that no one coerced him into doing so. Further, Husband did not raise any fraud or duress claims or factual disputes with the trial court at the hearing. *See Colosimo v. Colosimo*, 2009-Ohio-3892, ¶ 13 (8th Dist.) ("This court has held that a hearing is required when a party alleges that a settlement agreement was obtained by fraud, duress, or undue influence, or asserts that there is a factual issue concerning the existence or terms of a settlement

agreement."). Therefore, Husband cannot unilaterally repudiate the terms of the separation agreement or claim on appeal that the trial court failed to consider these issues. *Diguilio*, 2003-Ohio-2197, ¶ 33 (8th Dist.).

{¶ 20} Husband further contends in his fifth assignment of error that the trial court "restricted" his testimony when he tried to "explain that he had refrained from litigating marital claims over farmland and real property in Egypt to avoid interfering with pending international proceedings" and "demonstrate that U.S. bankruptcy filings were necessary due to asset depletion." He asserts that this prevented him "the opportunity to establish financial hardship." We have reviewed the record, however, and the trial court never restricted Husband's testimony regarding any fact.

{¶ 21} Husband asserts three more issues that he did not raise as an assigned error. First, he contends that the trial court failed to consider cultural competence in its domestic violence findings. Second, he maintains that the guardian ad litem and Wife's counsel "applied coercive pressure on [him] during courtroom proceedings, including harsher outcomes if he did not accept [Wife's] terms," which caused him, a pro se defendant, "to acquiesce under duress." Finally, Husband claims that the trial court erred when it required him to "pay nearly all Guardian ad Litem fees despite his pro se status and financial hardship."

{¶ 22} Regarding Husband's arguments that the trial court failed to consider "cultural competence" in its domestic violence findings, there are no domestic violence findings in the separation agreement or the agreed judgment entry. With

respect to Husband's argument that he paid "nearly all" the guardian ad litem fees, Husband voluntarily entered into the agreed judgment entry dividing the guardian ad litem's fees, which the trial court adopted and incorporated into the final divorce decree. When parties enter into an agreement, it becomes a binding contract and the court does not have a duty to determine if the agreement is fair and equitable, "so long as they are not procured by fraud, duress, overreaching or undue influence." *Vasilakis*, 1996 Ohio App. LEXIS 2569, *5, citing *Walther*, 102 Ohio App.3d at 383.

{¶ 23} Regarding Husband's claims of coercion and duress, the trial court asked him if he signed the separation agreement voluntarily and if anyone forced him to sign it or coerced him to do so. Husband told the court on the record that he signed the agreement voluntarily and that no one forced him or coerced him to do so. Husband further agreed that the agreement allocating parental rights and responsibilities was in his children's best interests and the separation agreement was fair, just, and equitable.

{¶ 24} Moreover, "[i]n a direct appeal, this court's review is limited to evidence presented at the trial level, and we cannot consider matters outside the record before us." *Columbus v. Brown*, 2005-Ohio-6102, ¶ 9 (10th Dist.), citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. In sum, there is simply nothing in the record to indicate that Husband was coerced into signing the agreement or was under duress in any way. We therefore find no merit to Husband's argument that he was coerced into signing the agreement or was under duress at the time he signed the agreement.

{¶ 25} After considering Husband's five assignments of error, we find no merit to them and overrule them.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR