[Cite as *Briceland v. Briceland*, 2021-Ohio-3161.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

JODI LYNN BRICELAND,

Plaintiff-Appellee,

v.

GERALD LYNN BRICELAND,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 CO 0027**

---

Domestic Relations Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2019 DR 79

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Christopher Lacich and Atty. David Barbee*, Roth, Blair, Roberts, Strasfeld & Lodge, 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rachel Cerni*, Cerni Law, LLC, 3685 Stutz Drive, Suite 100, Canfield, Ohio 44406 and *Atty. Mark Lavelle,* 940 Windham Court, Suite 7, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
September 6, 2021

**Donofrio, J.**

{¶1}    Defendant-appellant, Gerald Lynn Briceland, appeals from a Columbiana County Common Pleas Court Judgment Entry/Decree of Divorce and Judgment Entry overruling his objections to the magistrate's decision.  He asserts that the trial court erred by adopting the magistrate's decision because it was inconsistent with the parties' oral agreement to return to the magistrate the following day to finalize a written settlement.

{¶2}    Plaintiff-appellee, Jodi Lynn Briceland, filed a complaint for divorce against appellant on February 25, 2019 in the Columbiana County Court of Common Pleas.  On June 30, 2020, rather than proceed to trial, the parties tried to settle the case and spent the majority of the day negotiating. The parties reached agreeable terms and informed the magistrate. Appellee's counsel recited the terms on the record before the parties and the magistrate.  Appellant's counsel requested that the magistrate not place any findings on until the following day when they would return to her with a written settlement agreement.  Appellant's counsel represented that he would send a copy of the settlement agreement to appellee's counsel before they met with the magistrate.  Counsel for both parties agreed to meet the next day before seeing the magistrate to have their clients sign and discuss the writing, if necessary.

{¶3}    The parties returned the following day.  The magistrate stated on the record that both parties had testified the day before and she heard an oral agreement on the record with the terms of the division of their assets. (7/1/20 Tr. at 2).  She stated that the instant conference was for the purposes of finalizing paperwork and presenting it to the court.  (7/1/20 Tr. at 2).  Appellee's counsel responded that following the prior day's hearing, he sent opposing counsel a draft separation agreement to use as a framework so that he could begin formalizing the oral agreement that was placed on the record. (7/1/20 Tr. at 2).  He indicated that he had not received anything from appellant's counsel. (7/1/20 Tr. at 2).

{¶4}    Appellee's counsel further stated that the parties had entered into a final binding agreement on the record the day before.  (7/1/20 Tr. at 4-9).  Counsel recited the division of assets that appellant received from that agreement as agreed to on the

Case No. 20 CO 0027

previous day and referred to his indication of satisfaction on the record. (7/1/20 Tr. at 4-9). Counsel noted that appellee had witnesses available for the first day of trial, but they were dismissed upon the entering into settlement negotiations. (7/1/20 Tr. at 5-6). He stated that although he remembered appellant's counsel requesting that the magistrate not make findings the previous day, he thought that this meant that the magistrate should not find the parties divorced until they came back the next day with everything in writing. (7/1/20 Tr. at 2-12). He stated that appellee should not be penalized for appellant and his counsel not producing a written settlement agreement.

**{¶5}** Appellant's counsel responded that at the prior oral hearing, he had requested that the magistrate reserve making findings because he wanted appellant to see everything in writing as an abundance of information was presented and he wanted to make sure it aligned with appellant's requests. (7/1/20 Tr. at 12). Appellant's counsel stated that appellant should not be bound by the oral agreement and he was entitled to his day in court and to have the magistrate make findings on evidence that they would present. (7/1/20 Tr. at 13). Appellant's counsel further stated:

> So under normal circumstances, sure, this is a binding agreement. This is not a normal situation, because if you go back and look at the record, if you listen to the video recording, we specifically had a discussion that we would reserve making that specific finding for the expressed purpose that Gerald Briceland had an opportunity to look at this in black and white.
> * * *
> So before you make a finding, Magistrate, that this is a fair and equitable resolution, I'm letting you know that he is no longer of that mindset, so I want the record to be perfectly clear of that. You make that finding, you are doing it over his objection.

(7/1/20 Tr. at 14-15).

**{¶6}** At the conference, the magistrate found that the oral agreement read into the record the previous day was binding and enforceable. (7/1/20 Tr. at 19). She found that both parties were placed under oath during that hearing and they testified that they agreed to the settlement and that its terms were fair and equitable. (7/1/20 Tr. at 19). The magistrate adopted the oral agreement as a court order. (7/1/20 Tr. at 20).

**{¶7}** On July 10, 2020, the magistrate issued a written decision granting the parties a divorce and outlining the terms from the June 30, 2020 hearing. The trial court

issued a Judgment Entry/Decree of Divorce on the same date. Appellant filed objections to the magistrate's decision, asserting that his counsel specifically reserved the right to delay the magistrate's decision for 24 hours until appellant could review a written draft of the agreement. He asserted that in the interim, he became dissatisfied with the terms of the agreement. He further contended that the terms recited on the record and agreed to by him were not equitable and his agreement was not voluntarily made.

{¶8}     In overruling appellant's objections, the trial court held that the record was "very clear." The court noted that the divorce trial was delayed so that the parties could try to negotiate a settlement, and after several hours, the parties notified the magistrate that they had reached a full and complete agreement and they wished to proceed on an uncontested basis. The court noted that the separation agreement was read into the record and testimony was taken before the magistrate. The court pointed out that the record showed that appellant testified before the magistrate that he participated in settlement negotiations, he requested changes, and most of the changes he requested were made. The court indicated that the record showed that appellant's counsel agreed to prepare a written agreement with the same terms as those presented on the record and present it the following day for the parties and the magistrate to sign. The trial court held that the record did not indicate that appellant had reserved a right to rescind the agreement. The trial court also found that appellant cited no law to support his argument that he had the right to avoid the adoption of the separation agreement.

{¶9}     The trial court additionally rejected appellant's assertion that the separation agreement was not equitable, pointing out that appellant received a greater amount of the property and assets from the marriage. The court further rejected appellant's assertion that he did not voluntarily agree to the separation agreement, finding that the transcript showed no indication that appellant was under duress.

{¶10}    Finally, the trial court cited to Ohio cases supporting its decision. The court cited *Spercel v. Sterling Industries,* 31 Ohio St.2d 36, 285 N.E.2d 324 (1972) to find that when parties voluntarily enter into an oral settlement agreement in front of the court, the agreement is a binding contract. The trial court also cited to *Ellyson v. Ellyson*, 7th Dist. Columbiana No. 92 C 32, 1993 WL 205022 where we applied *Spercel* to divorce cases and held that an agreement in court as to the division of property is enforceable and can

be incorporated into the judgment entry even without its terms being put into writing or without approval signatures by a party or his counsel.

{¶11}  Appellant filed a notice of appeal to this Court, asserting the following sole assignment of error:

> The trial court committed error in entering a Judgment Entry inconsistent with the Parties' Oral Agreement on the record to draft a Written Agreement.

{¶12}  Appellant contends that the June 30, 2020 proceedings were put on the record to establish the "grounds" for divorce, but the parties "unequivocally" agreed that the magistrate would make no findings.  He asserts that the negotiations were "to memorialize" the complicated financial transactions with a formal writing.  He noted that no objection was made to continuing the matter until a writing could be completed and his counsel specifically stated that he did not intend to be bound to an agreement until he had an opportunity to review it in writing.

{¶13}  Appellant agrees with the *Spercel* case, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), but he insists that the only binding agreement in the instant case was the parties' agreement to draft a written agreement that they would review and modify, if necessary, before the magistrate issued her findings the following day.  Appellant cites *Koontz v. Koontz*, 6th. Dist. C.A. NO. WD-85-18, 1985 WL 7611 (Sept. 27, 1985), and asserts that it is similar to his case.  He contends that in *Koontz,* the appellate court found that the trial court erred by entering a judgment that was inconsistent with the agreement on the record because discrepancies existed between the transcript of the final hearing and the final entry in the case.

{¶14}  Appellant also cites *Neumann v. Neumann*, 8th. Dist. No. 45050, 1983 WL 5756 (Feb. 10,1983), where the appellant stated before the referee in domestic relations court that he did not want the agreement read into the record until he could review it in writing.  The parties reconvened after the agreement was produced in written form and appellant agreed that the written terms were those he agreed to, but he refused to sign it.  The trial court reviewed the testimony and confirmed its accuracy with the written agreement before issuing its findings and final judgment. The appellate court affirmed the part of the trial court judgment granting appellee's motion to reduce the in-court settlement

to judgment. Appellant contends that the trial court in *Neumann* correctly took the extra step that the court in this case did not: it compared the in-court testimony with the written agreement before finding the existence of a settlement.

**{¶15}** Appellant also cites to case law holding that a settlement agreement is a contract, but when the parties' intent is to reduce its terms in writing, and no writing is made, the elements of a contract are not met. *Rayco Mg., Inc. v. Murphy, Rogers, Sloss & Gambel*, 2019-Ohio-3756, 142 N.E.3d 1267 (8th Dist.).

**{¶16}** This Court reviews a trial court's ruling on a magistrate's decision for abuse of discretion. An abuse of discretion connotes an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, 2013 WL 6687239, ¶ 50.

**{¶17}** A trial court's standard of review over a magistrate's decision is de novo. *Kniszek v. Kniszek*, 7th Dist. Jefferson No. 08 JE 30, 2009-Ohio-3249, citing *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006–Ohio–4456, 860 N.E.2d 155, ¶ 13. Civil Rule 53(D)(4)(d) requires that when objections to a magistrate's decision are filed, the trial court must undertake an independent review to ascertain whether the magistrate properly determined the factual issues and applied the appropriate law. Civ. R.53(D)(4)(d); *Bailey v. Marrero-Bailey*, 7th Dist. Belmont No. 10 BE 16, 2012-Ohio-894.

**{¶18}** Here, the trial court independently reviewed the record and reasonably held that appellant had entered into a settlement agreement on June 30, 2020 in the presence of the magistrate. The transcript of June 30, 2020 shows that counsel for both parties expressly confirmed the magistrate's announcement on the record that the parties had reached a "full and complete agreement after some lengthy settlement negotiations today and wish to proceed on an uncontested basis." (6/30/2020 Tr. at 3-4). The trial court cited to this portion of the transcript for support in its decision.

**{¶19}** The trial court also referred to part of the transcript where the parties agreed that appellant's counsel would prepare a written agreement. The trial court noted that "[i]t was agreed that Defendant's counsel would prepare a written agreement with the

same terms in which had been placed on the record." (10/8/2020 Judgment Entry); (6/30/2020 Tr. at 17). The transcript further indicates that after discussing the division of assets on the record and the parties' exchanging of account information, appellant stated that the shared bills would be settled by "tomorrow." (6/30/20 Tr. at 14). Appellee's counsel asked the magistrate if they "could come back tomorrow with an order?" (6/30/20 Tr. at 14). The magistrate responded, "[t]hat's fine." (6/30/20 Tr. at 14). Appellee's counsel asked if the grounds for divorce should be put on the record at the instant hearing, and the magistrate and appellant's counsel agreed:

> THE MAGISTRATE: If you would prefer to have an agreement prior to –
>
> MR. LAVELLE: That's exactly what I prefer.
>
> (for appellant)
>
> THE MAGISTRATE: --testifying and everybody come back tomorrow, that is completely up to you guys.
>
> MR. LACICH: I'd rather we at least put the grounds on, because
>
> (for appellee) we don't want a scenario where we have two witnesses out here that cannot come back. So I think we need to put at least basic grounds on and the basic agreement.
>
> MR. LAVELLE: I appreciate that, I do, Chris, but as I indicated, I would prefer to have the separation agreement signed and whatever, but I'll put grounds on now if you want to, and indicate to you that that's his agreement. But, again, as far as actually having the Magistrate sign off on it –
>
> MR. LACICH: Oh, no –
>
> MR. LAVELLE: All right.
>
> MR. LACICH: -- I wasn't suggesting that. I'm just suggesting we go over the general parameters of the grounds, the agreement, and with the understanding that, I guess, we're going to – when do you want it back to you, by next week, the entry? Because we probably would have to - - someone is going to have to prepare it. I know I have one that I started a long time ago.
>
> MR. LAVELLE: I can have one by tomorrow afternoon if you send me what you have.

Case No. 20 CO 0027

MR. LACICH:     That might be a start, yeah.

MR. LAVELLE:     And if we could - - if you want to - - you have all day tomorrow?

THE MAGISTRATE:     Yep.

MR. LACICH:     So I can send it to you as soon as we - - as soon as this is over, I'll e-mail it to you and Rachel.  See if I can find it.  I'm sure it's still on there somewhere.  And then we can have the parties sign tomorrow sometime.

MR. LAVELLE:     If you want to come down tomorrow at 1:30 or 2:00 or whatever, if that is convenient for you and for everyone. I'll have the entry to you prior to that and we can bring it down tomorrow and we can adjust if we need to.

MR. LACICH:     Okay.  Well - -

THE MAGISTRATE: Just bring the parties and counsel in tomorrow.

MR. LAVELLE:     Correct.

MR. LACICH:     Okay, and then we'll be done tomorrow.

THE MAGISTRATE:  Okay, so we're - -

MR. LACICH:     I think we still – we're still going to put on general grounds -

MR. LAVELLE:     Whatever you want to put on now is fine.

THE MAGISTRATE: Still want to put the grounds on.  Okay.

MR. LACICH:     And the general parameters of the settlement—

THE MAGISTRATE: Okay.

MR. LACICH:     --just so that each party is comfortable, understands the benefits of their bargains - -

THE MAGISTRATE: Okay.  Then I won't make any findings today.  I'll go ahead and allow you guys - - your clients to testify, and I just won't find for the grounds and I won't divorce them –

MR. LACICH:     Correct.

THE MAGISTRATE: --per se on the record until tomorrow.

MR. LACICH:     That's fine.

(6/30/20 Tr. at 16-20). Before the parties testified, the magistrate clarified:

Case No. 20 CO 0027

THE MAGISTRATE: All right, so we are going to have both parties testify as to grounds, and I just will not – I will not find—

MR. LAVELLE: Anything at this point yet.

THE MAGISTRATE: --anything today.

MR. LAVELLE: That's fine.

(6/30/20 Tr. at 20).

{¶20} This appears to be where the misunderstanding and/or the miscommunication occurred. However, we find no abuse of discretion by the trial court in finding that a settlement occurred based upon the in-court proceedings before the magistrate and the magistrate's decision. The trial court correctly cited to *Spercel*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972) and *Ellyson*, 7th Dist. Columbiana No. 92 C 32, 1993 WL 205022. *Ellyson* is factually distinguishable, but its holding applies here. In *Ellyson*, the parties were divorcing and the separation agreement was read into the record. The trial court found the agreement fair and equitable and approved the parties' judgment entry, which both parties had signed. 7th Dist. Columbiana No. 92 C 32, 1993 WL 205022 (June 11, 1993). Appellant then retained new counsel, who filed a notice of appearance and motion for a pretrial the day before the trial court's filing of the judgment entry. New counsel contended that the parties did not reach an agreement at the prior pretrial. Appellant filed a Rule 60(B) motion for relief from judgment and the trial court held a hearing and overruled the motion. *Id.*

{¶21} On appeal, the appellant argued that she changed her mind about the agreement before the court journalized its entry and the trial court abused its discretion by signing a judgment entry incorporating the repudiated separation agreement. *Ellyson*, No. 92 C 32, 1993 WL 205022. The appellant asserted that the separation agreement was a contract and the court did not ask the parties on the record if it was fair and equitable and in the best interest of the minor child. *Id*.

{¶22} In affirming the trial court's decision, we cited to *Mack v. Polson Rubber Company*, 14 Ohio St.3d 34, 37, 470 N.E.2d 902 (1984) and *Spercel*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972). *Ellyson*, No. 92 C 32, 1993 WL 205022, at *2. We quoted *Mack's* holding that a trial court is not required to conduct an evidentiary hearing before signing a journal entry unless there were allegations of fraud, duress, undue influence, or a factual

dispute about the existence of the terms of the settlement agreement. *Id.*, quoting *Mack*, 14 Ohio St.3d at 37. We found that the appellant in *Ellyson* appeared to simply change her mind after entering into the agreement in open court. *Id.* We held that allowing a party to do so would render settlement proceedings a nullity and contradict the holding in *Spercel* that when the parties enter into an oral settlement agreement voluntarily in the presence of the court, a party cannot unilaterally repudiate the agreement based merely upon a change of mind. *Ellyson, supra*, citing *Spercel, supra* at 40. We therefore found no error by the trial court in journalizing its judgment entry with the settlement agreement terms. *Id.*

**{¶23}** Similarly here, appellant's counsel agreed that the terms placed on the record in front of the magistrate constituted a "full and complete agreement." Appellant's counsel further stated that he would put grounds on the record with appellant and indicate "that that's his[appellant's] agreement." (6/30/20 Tr. 2-3, 16). The terms were recited on the record, and appellant agreed that the parties had spent the last several hours that day fairly allocating marital assets, he participated in the negotiations, he suggested changes to be made, and most of those changes were made. (6/30/20 Tr. 38). He responded "yes" to counsel's question if he was reasonably satisfied with the division of assets and that it reasonably reflected that to which he had agreed. *Id.* His counsel then stated on the record that appellant would see the agreement in writing the following day, which is why he asked the magistrate if the parties could come back. *Id.* at 39. Appellant's counsel even concluded with the question: "[b]ut as you understand the terms of the division of assets, you are satisfied with those terms?" and appellant responded, "yes." *Id.*

**{¶24}** Appellant also cites *Rayco Manufacturing, Inc. v. Murphy, Rogers, Sloss & Gambel*, 2019-Ohio-3756 and *PNC Mortgage v. Guenther*, 2nd Dist. No. 25385, 2013-Ohio-3044 to assert that "[w]here the parties intend that there will be no contract until the agreement is fully reduced to writing and executed, no settlement exists unless the final, written settlement agreement is signed by all of the parties." This is an accurate representation of the court's holding. However, the court in that case found no error by the trial court in affirming the magistrate's finding that a meeting of the minds existed between the parties regarding the terms of settlement and nothing during settlement negotiations indicated that signatures were required or that a contract had to be reduced to writing in order to make the contract enforceable. *Id.* at ¶ 16-18.

Case No. 20 CO 0027

**{¶25}** The same is the case here. There was a meeting of the minds as to the terms recited and agreed to before the magistrate, with no stated requirement that the document had to be reduced to writing before the settlement was considered enforceable. While appellant's counsel requested that the magistrate reserve making her findings, he did not indicate that the terms as presented before the magistrate were not terms of settlement or otherwise unenforceable without a writing.

**{¶26}** Settlement agreements are favored in the law. *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist. 1995). "[A] settlement agreement may be enforced regardless of whether it has been reduced to writing, as long as the terms of the agreement can be established by clear and convincing evidence." *Brilla v. Mulhearn*, 168 Ohio App.3d 223, ¶ 20, 2006-Ohio-3816, 859 N.E.2d 578 (9th Dist.), citing *Shetler v. Shetler* 9th Dist. Wayne No. 00CA0070, 2001 WL 542318, *1, quoting *Pawlowski v. Pawloski* (1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071 (10th Dist. 1992). Clear and convincing evidence "is that 'which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Cincinnati Bar Assn. v. Massengale,* 58 Ohio St.3d 121, 122, 568 N.E.2d 1222 (1991). That standard is met here as well. The terms presented on the record were clear and reasonably certain. "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997)

**{¶27}** Appellant asserts that the oral settlement agreement is unenforceable because the issue of health insurance for the one remaining minor child was not fully resolved at the hearing. Appellant is correct that this issue was not completely resolved. The parties discussed that one of the adult children would continue to be covered and that the minor child remaining would be turning 18 in a few days. (June 30, 2020 Tr. at 28-34). Appellant's counsel noted that appellant had no legal obligation after the following month to provide health insurance for either of the children who were previously covered under his plan. (*Id.* at 30). After discussing various options, appellant indicated on the record that he would pay half of the health insurance, even though they were going to research to see which party had the most beneficial rate and coverage. (*Id.* at 32-35). Appellant's counsel noted that "[s]ometime between now and 2:00 tomorrow figure out how you guys want to move forward with health insurance and how you are going to pay

for it, and let me know and we'll have it in." (*Id.* at 32). Appellant's counsel further stated that the parties should do their research about the better rates and coverage and concluded, "So I guess I'll leave it up to you guys to figure it out." (*Id.* at 34).

**{¶28}** It appears from the transcript that the parties both agreed in principle to cover the two children, but left unresolved the best method to provide that coverage. They agreed to research their insurance policies and rates to find the best way of covering their children. This appears to constitute a meeting of the minds on this issue. Further, even though this term was not entirely resolved, this does not bar the enforcement of the entire oral agreement. Appellant provides no case law to support such an assertion.

**{¶29}** And most tellingly, when appellant and his counsel returned to the magistrate the following day, appellant's reasons for challenging the magistrate findings shows what appears to be only a change of mind by appellant. Counsel reported to the magistrate the following day that "at this point in time he is not of a mindset that this agreement should be binding upon him, nor is it fair to him…" (July 1, 2020 Tr. 12-13). He reiterated that "before you make a ruling that is a fair and equitable resolution, [Mr. Briceland] is no longer of that mindset, so I want the record to be perfectly clear of that. You make that finding, you are doing it over his objection." (July 1, 2020 Tr. 14-15). A party's dissatisfaction with or change of mind about the terms of a settlement are insufficient reasons for rendering an oral agreement voidable. *Spercel,* 31 Ohio St.2d 36, 285 N.E.2d 324 (1972).

**{¶30}** For the above reasons, we find no error by the trial court in affirming the magistrate's decision finding the existence of a contract based upon oral testimony presented at the hearing. Although appellant's counsel requested to return to the magistrate the following day with a written, signed settlement agreement, nothing at the prior day's hearing indicated that a settlement based on the oral terms did not exist until the terms were reduced to writing or a writing was signed. Appellant's counsel agreed at the hearing that the terms presented were a "full and complete agreement." Appellant affirmatively responded "yes" to whether he was reasonably satisfied with the division of assets and that it reasonably reflected that to which he had agreed. *Id.*

**{¶31}** The Fifth District's holding in *Thomas v. Thomas,* 5 Ohio App.3d 94, 449 N.E.2d 478 (5th Dist. 1982) applies here:

We find that while appellant may have reluctantly entered into the settlement agreement, it was still voluntary on his part and was with full knowledge of the terms of the agreement entered into and that he was present at the time they were read into the record and adopted by the court. There is a difference between an extra-judicial settlement and a settlement made in open court. The settlement herein was made before the court and the court adopted the settlement as its judgment as to division of property and alimony. Under such circumstances, there was no requirement for any writing to be signed by appellant and appellee or their attorneys to evidence any conditions of the settlement. The settlement was read physically into the record and the court adopted that settlement as its own entry and appellant cannot now be heard to say the court was in error in making an award in conformity with that settlement agreement which was represented by counsel for both parties to be their voluntary division of the property. (*See Spercel v. Sterling Industries, Inc.* [1972], 31 Ohio St.2d 36, 285 N.E.2d 324 [60 O.O.2d 20]; and *Main Line Theaters v. Paramount Film Distributing Corp.* [C.A.3, 1962], 298 F.2d 801.).

{¶32}   Accordingly, appellant's assignment of error lacks merit and is overruled.

Waite, J., concurs.

D'Apolito, J., concurs.

Case No. 20 CO 0027

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**