[Cite as *Huffman v. Huffman*, 2022-Ohio-2020.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| CHERYL HUFFMAN, | : | |
| | : | Case No. 21CA13 |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| DAVID L. HUFFMAN, | : | |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 06/09/2022** |

<u>APPEARANCES:</u>

William B. Summers, Summers & Associates, Parkersburg, West Virginia, for Appellant.

Eric L. Fowler, Marietta, Ohio, for Appellee.

Wilkin, J.

**{¶1}** This is an appeal from a Washington County Court of Common Pleas judgment entry of divorce. Appellant, Cheryl Huffman, appeals asserting a single assignment of error: "Did the lower court commit reversible error by failing to inquire as to the specifics of the settlement agreement in the final hearing to confirm the parties knew what was being agreed to?" Appellee, David L. Huffman, has filed a brief in opposition. After reviewing appellant's arguments, the record, and applicable law, we overrule her assignment of error and affirm the trial court's judgment.

BACKGROUND

**{¶2}** Appellant and appellee were married in 2006. They have no children. On September 10, 2020, appellant filed a complaint seeking to divorce appellee.

Both parties were represented by counsel throughout the entire case.  The parties reached a separation agreement prior to the final divorce hearing that divided and distributed their property, financial assets, and liabilities.  They reduced the agreement to writing in the form of a proposed judgment entry that was submitted to the court.

{¶3} On June 10, 2021, the court held a final divorce hearing.  During the hearing, the attorneys, and the court, questioned the parties regarding various issues pertinent to the divorce, including the separation agreement.  After the hearing, the court issued a final judgment of divorce that incorporated the parties' separation agreement.  It is this judgment entry that appellant appeals.

ASSIGNMENT OF ERROR

DID THE LOWER COURT COMMIT REVERSIBLE ERROR BY FAILING TO INQUIRE AS TO THE SPECIFICS OF THE SETTLEMENT AGREEMENT IN THE FINAL HEARING TO CONFIRM THE PARTIES KNEW WHAT WAS BEING AGREED TO?

{¶4} Appellant essentially submits two arguments in support of her assignment of error.  First, she claims that "the nineteen-question inquiry" during the final divorce hearing was insufficient to show that she understood the terms of the separation agreement.  Second, she maintains that the trial court erred by not requiring the separation agreement to be read into the record, citing *Bottum v. Jankovic*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914.

{¶5} Appellant contends that she was not asked a sufficient number of questions at the final divorce hearing to ensure that she understood the settlement agreement's terms.  Appellant asserts that "[a] court cannot simply acknowledge the existence of some type of Agreement without further

investigation to confirm the agreement proffered is the one agreed to by both parties." Otherwise, parties "would be free to submit any type of Agreement they would want thereafter with terms not necessarily agreed upon." Appellant asserts that "[t]his is exactly the type of issue identified in *Bottum* when it emphasized that the terms are not memorialized on the record, and this is exactly the type of issue we have in this case by not having the terms memorialized or ratified on the record by the [appellant]."

{¶6} In sum, appellant maintains that the court erred because the questioning of appellant was insufficient to ensure her understanding of the agreement, and the court was required to have the agreement read into the record. Therefore, she argues that the trial court "abused its discretion" in adopting the agreement.

{¶7} In response, appellee claims that the parties negotiated a separation agreement. At the hearing, "[t]he attorneys for the respective parties posed questions of the litigants and the court further posed questions." Further, there was no evidence that either party did not understand the agreement, or did not sign it voluntarily. Therefore, appellee maintains that this court should affirm the trial court's judgment entry of divorce, which incorporated the separation agreement.

A. Law

1. Standard of Review

{¶8} " 'The standard of review applicable to a ruling on a motion to enforce a settlement agreement depends upon the issues disputed, and may present a

mixed question of law and fact.' " *Mathews v. E. Pike Loc. Sch. Dist. Bd. of Edn.*, 4th Dist. Pike No. 12CA831, 2013-Ohio-4437, ¶ 14, quoting *Barstow v. O.U. Real Estate, III, Inc.,* 4th Dist. No. 01CA49, 2002-Ohio-4989 ¶ 36. "If the dispute is an evidentiary one, we will not reverse the trial court's determination that a settlement exists as long as the trial court had sufficient evidence before it as to the terms of the settlement.' " *Id.,* quoting *Barstow*, citing *Chirchiglia v. Ohio Bur. of Workers' Comp.,* 138 Ohio App.3d 676, 679, 742 N.E.2d 180 (2000). "If the dispute is a question of law, we must employ a de novo review to determine whether the trial court's decision to enforce the settlement agreement is based upon an erroneous standard or a misconstruction of the law." *Id.*, citing *Barstow* at ¶ 36, citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502, 660 N.E.2d 431(1996). A de novo review affords no deference to the trial court's decision. *McClure v. McClure*, 119 Ohio App. 3d 76, 79, 694 N.E.2d 515 (4th Dist. 1997), citing *Burns v. Daily*, 114 Ohio App.3d 693, 683 N.E.2d 1164 (4th Dist. 1996).

{¶9} Appellant does not challenge any specific term(s) of the agreement. Rather, she argues that the trial court erred in the method that it used in adopting the agreement, i.e., she claims that the court erred by not reading the settlement agreement into the record, and by failing to engage appellant with more in-depth questioning to ensure she understood the agreement. As these are matters of law, we review them under a de novo standard of review.

2. Separation Agreements

**{¶10}** Like any settlement agreement, " '[w]hen the parties to a divorce action enter into a separation agreement, the court must construe that agreement in accordance with ordinary rules of contract law.' " *McLaughlin v. McLaughlin*, 178 Ohio App. 3d 419, 2008-Ohio-5284, 898 N.E.2d 79, ¶ 16 (4th Dist.), citing *McLaughlin v. McLaughlin*, 4th Dist. Athens No. 00CA14, 2001 WL 803025 (Mar. 26, 2001) *3, citing *Patel v. Patel*, 4th Dist. Athens Nos. 98CA29 and 98CA30, 1999 WL 167608 (Mar. 23, 1999). Where the parties to a divorce enter into a settlement agreement, the agreement constitutes a binding contract, which cannot be unilaterally repudiated by one of the parties. *Cochenour v. Cochenour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 28, citing *Barstow*, 2002-Ohio-4989, ¶ 38. "Thus, settlement agreements 'can only be set aside for the same reasons that any other contract could be rescinded, such as fraud, duress, or undue influence.' " *Id.*, quoting *Barstow* at ¶ 38.

**{¶11}** Settlement agreements "may be either written or oral, and may be entered into prior to or at the time of a divorce hearing." *Hass v. Bauer,* 156 Ohio App.3d 26, 2004-Ohio-437, 804 N.E.2d 80, ¶ 19 (9th Dist.), citing *Muckleroy v. Muckleroy,* 9th Dist. Summit No. 14443, 1990 WL 129242 (Sept. 5, 1990). But, "[i]t is preferable that a settlement be memorialized in writing." *Mathews v. E. Pike Loc. Sch. Dist. Bd. of Edn.*, 4th Dist. Pike No. 12CA831, 2013-Ohio-4437, ¶ 22, citing *Pawlowski v. Pawlowski,* 83 Ohio App.3d 794, 798–799, 615 N.E.2d 1071 (10th Dist. 1992).

**{¶12}** Parties may reach a settlement on their own (extra-judicial settlement), or in the presence of the court. " 'There is a difference between an

extra-judicial settlement and a settlement made in open court.' " *Briceland v. Briceland*, 7th Dist. Columbiana No. 20 CO 27, 2021-Ohio-3161, ¶ 31, quoting *Thomas v. Thomas,* 5 Ohio App.3d 94, 98, 449 N.E.2d 478 (5th Dist. 1982).

{¶13} "An in-court agreement is one that occurs 'during the course of a hearing' and in the 'presence of the court.' " *Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, ¶ 13, citing *Kolar v. Shapiro,* 11th Dist. Lake No. 2007-L–148, 2008-Ohio-2504, quoting *Booth v. Booth,* 11th Dist. Lake No.2002-P–0099, 2004-Ohio-524. "Where the agreement is read into the record in open court and agreed upon, the court may enter judgment adopting its terms." *Bottum*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914. Placing an in-court agreement on the record has "significance because * * * a trial judge cannot generally adopt his or her recollection and understanding of a settlement agreement as a judgment of the court without an evidentiary hearing." *Evans*, 8th Dist. Cuyahoga No. 2015-Ohio-870, ¶ 33, citing *Bolen v. Young,* 8 Ohio App.3d 36, 37, 455 N.E.2d 1316 (10th Dist. 1982). Therefore, "[w]hen the in-court record does not reflect an agreement and/or the proposed entry does not reflect an agreement, and there is a factual dispute present between the parties, the trial court must conduct an evidentiary hearing to adjudicate the issues in dispute." *Phillips v. Phillips,* 5th Dist. Stark Nos.2004CA00105 and 2004CA00005, 2005-Ohio-231, ¶ 27, citing *Morform Tool Corp. v. Keco Industries, Inc.,* 30 Ohio App.2d 207, 284 N.E.2d 191 (1st Dist.1971); *Bolen*.

{¶14} Alternatively, parties may reach an extra-judicial settlement agreement, which occurs outside the court presence. *Bolen*, at 36. An extra-

judicial settlement is enforceable as a binding contract if it evidences a meeting of the minds between the parties. *Apple v. Hyundai Motor Am.*, 2d Dist. Montgomery No. 23218, 2010-Ohio-949, ¶ 8. "Any instrument in writing, properly executed, which evidences a meeting of the minds of the parties thereto, is sufficient [to be a contract]." *Sage v. Flueck*, 132 Ohio St. 377, 380, 7 N.E.2d 802 (1937). Therefore, "where the agreement is made out of the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement." (Citations omitted.) *Bauer,* 156 Ohio App.3d 26, 2004-Ohio-437, 804 N.E.2d 80, ¶ 16 (9th Dist.), citing *Muckleroy,* 1990 WL 129242 at *2, citing *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34 (1984). Notably, "a written settlement agreement executed by both parties—is *not unenforceable simply because it was not* "entered in open court" or "*read into the record*" at the time the parties reached their agreement. (Emphasis added.) *Evans* at ¶ 33, citing *Fowler v. Smith,* 12th Dist. Butler No. CA2003-02-042, 2003-Ohio-6257, ¶ 16, citing *Erbeck Farms, Inc. v. Mason,* 12th Dist. Warren No. CA90–09–065, 1991 WL 84024, * 7 (May 20, 1991).

## B. Analysis

{¶15} One of appellant's contentions is that *Bottum* required the trial court herein to read the settlement agreement into the record. In *Bottum*, the parties reached a settlement during a recess in the trial, presented it to the court when trial re-convened and the agreement was read into the record. 2013-Ohio-4914 at ¶ 5. As an in-court agreement, there was a need to have the settlement read

into the record so as to memorialize its terms. *Evans*, 8th Dist. Cuyahoga No. 2015-Ohio-870, ¶ 33. There is no such need in this case. Unlike *Bottum*, the agreement here was an "extra judicial" agreement that had been reduced to writing prior to the final divorce hearing, and submitted to the court. A written separation agreement does *not* need to be read into the record to be enforceable. *Evans* at ¶ 33. Further, there is nothing in the record indicating that either party disputed the terms of the agreement, so a hearing was not necessary to resolve any such dispute. *Phillips,* 5th Dist. Stark Nos. 2004CA00105 and 2004CA00005, 2005-Ohio-231, ¶ 27. Therefore, we reject appellant's argument that the trial court erred in failing to have the agreement herein read into the record.

{¶16} Appellant also contends that the trial court erred by failing to subject appellant to more in-depth questioning regarding her understanding of the separation agreement. She also purports that a court cannot "simply acknowledge" an agreement "without further investigation to confirm the agreement proffered is the one agreed to by both parties."

{¶17} As we recognized infra, the parties *negotiated* an agreement that was reduced to *writing*, which was *signed* by the parties and their respective attorneys and submitted to the court. Appellant testified that she twice reviewed the agreement with her attorney and entered into it voluntarily. Further, appellant failed to point out any specific misunderstanding she had regarding the agreement or any of its terms, nor did she allege any fraud, duress, or undue influence in reaching the agreement. More specifically, she did not allege that

the agreement submitted to the court is different from the one adopted by the court and incorporated into the final divorce decree.

{¶18} Under these facts, we find that the parties have achieved a meeting of the minds in reaching the separation agreement herein, so the need for in-depth questioning regarding her understanding of the agreement was mitigated. As the court of appeals in *Bauer* recognized: "where the agreement is made out of the presence of the court, the court may properly sign a journal entry reflecting the settlement agreement in the absence of any factual dispute concerning the agreement." 156 Ohio App.3d 26 at ¶ 16.

{¶19} Therefore, we find that the trial court did not err in failing to engage in more in-depth questioning of appellant regarding her understanding of the separation agreement herein.

## CONCLUSION

{¶20} Having rejected appellant's arguments, we overrule her sole assignment of error pertaining to the parties' separation agreement.  Accordingly, we affirm the trial court's final divorce decree.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:     _____
        Kristy S. Wilkin, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**